1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10

11    DAVID SCOTT HARRISON,                    Civil No.    06cv2470-RLH
      CDC # E-62612,
12
                                Plaintiff,     **ORDER GRANTING PLAINTIFF'S**
13                                             **MOTION TO FILE A LATE APPEAL**
                     vs.
14    BONNIE DUMANIS,
15
                                Defendant.
16

17          On April 18, 2007, the Court granted Defendant's motion to dismiss Plaintiff's Complaint

18    and entered judgment dismissing this action.  (Doc. Nos. 17-18.)  Plaintiff filed a motion for

19    reconsideration of that Order on April 26, 2007, the date he handed the motion to prison officials

20    for mailing to the Court.[1]  (Doc. No. 20.)  Defendant filed an opposition on May 10, 2007, and

21    the Court denied the motion for reconsideration on May 14, 2007.  (Doc. No. 22.)  Plaintiff

22    handed a reply brief to the prison officials for mailing to the Court on May 17, 2007, which the

23    Court did not receive until May 21, 2007.  (Doc. No. 24.)  The Court accepted and considered

24    Plaintiff's reply brief, and filed an amended order denying the motion for reconsideration on

25    June 12, 2007.  (Doc. No. 25.)  On August 1, 2007, Plaintiff filed the instant Motion for Leave

26    to File a Late Appeal, along with a Notice of Appeal, contending that he never received a copy

27

28          [1] Plaintiff is entitled to the benefit of the "mailbox rule" which provides for constructive filing
      of court documents as of the date they are submitted to the prison authorities for mailing to the court.
      Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).

of either order ruling on his motion for reconsideration, and was unaware that the time to appeal had expired until he received a response to his request for a status of his case from the Clerk of Court on July 24, 2007.  (Doc. Nos. 26-27.)  Defendant has filed an Opposition to Plaintiff's Motion.  (Doc. No. 33.)

Defendant acknowledges that Plaintiff's April 26, 2007 motion for reconsideration was filed within ten days of entry of the April 18, 2007 judgment, and therefore tolled the time to file a notice of appeal.  See Fed.R.App.P. 4(a)(4)(A)(iv).  Plaintiff had 30 days from June 12, 2007, the date this Court issued its amended order denying his motion for reconsideration, to timely file a notice of appeal.  See Fed.R.App.P. 4(a)(1) & 4(a)(4)(A)(iv).  The last day Plaintiff could have timely filed a notice of appeal was July 12, 2007.  The instant Motion and notice of appeal were constructively filed on July 27, 2007, 15 days late.

Fed.R.App.P. 4(a)(5) provides that the district court may extend the time to file a notice of appeal for a period of 30 days if a party so moves no later than 30 days after the time to appeal expires, and the party shows excusable neglect or good cause.  See Fed.R.App.P. 4(a)(5)(A).  In addition, Fed.R.App.P. 4(a)(6) provides that the district court may reopen the time to file an appeal for a period of 14 days if the Court finds that: (1) a party did not receive notice of entry of judgment within 21 days after judgment was entered; (2) the motion is filed within 180 days after the judgment is entered or within 7 days after the party received notice of entry of judgment, whichever is earlier; and (3) no party would be prejudiced.  See Fed.R.App.P. 4(a)(6)(A)-(C).

Plaintiff has declared under penalty of perjury that he did not receive a copy of this Court's May 21, 2007 order denying his motion for reconsideration or the June 12, 2007 amended order denying the motion for reconsideration.  (Pet.'s Mot. at 3-5.)  He declares that he inquired of the Clerk of Court on or about July 15, 2007 of status of his case, and received a copy of the docket from the Clerk on July 24, 2007, at which time he became aware that his motion for reconsideration had been denied.  (Id. at 4-5.)

Defendant correctly acknowledges that due to Plaintiff's status as a prisoner, the Court did not send him electronic notification of its filings, and that the Court docket contains entries

stating that a copy of the May 18, 2007 order and the June 12, 2007 amended order "will be delivered by other means" to Plaintiff at his prison mailing address.  (See Doc. Nos. 22, 25.) The docket does not contain a further indication that the amended order actually was sent to Plaintiff, nor is the Court's system designed to provide such information.  The orders were filed during the time frame of the Court's transition to a new electronic filing system, lending credence to Plaintiff's allegation of non-receipt.  Plaintiff states that the prison mail log will confirm that no incoming legal mail was logged from the date he sent his reply brief until he received a reply from the Clerk regarding his status request, and states that he was unable to procure a copy of the mail log in time to file his motion.  (Pet.'s Mot. at 6 n.1.)  Defendant contends that Plaintiff bears the burden of demonstrating that he did not receive notice of entry of judgment, that the Clerk's mailing of the notice of entry of judgment raises a rebuttable presumption of receipt, and that even where Plaintiff's declaration rebuts that presumption, the Court is required to weigh the evidence in order to make a considered factual determination concerning receipt.  (Opp. at 3.)

Plaintiff has satisfied the provisions of Fed.R.App.P. 4(a)(5).  He filed the instant Motion within 30 days after expiration of time to appeal.  His declaration is executed under penalty of perjury and establishes good cause and excusable neglect arising from the lack of notification of the denial of his motion for reconsideration.  Defendant has come forward with no evidence that Plaintiff received timely notification, with the exception of pointing to the ambiguous notation on the Court's docket.  Defendant has not challenged Plaintiff's sworn declaration, and has not challenged Plaintiff's contention that the prison mail log would support his allegation, although it appears to be within the Defendant's power to do so.  Accordingly, the weight of the evidence before the Court supports Plaintiff's contention that he did not receive notice of the denial of his motion for reconsideration.  See Nunley v. City of Los Angles, 52 F.3d. 792, 796 (9th Cir. 1995) ("When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based on proof of mailing.")

/ / /

06cv2470

1    Plaintiff has also satisfied the provisions of Fed.R.App.P. 4(a)(6).  Plaintiff did not

2  receive notice that his motion for reconsideration was denied until 42 days after that denial, the

3  instant Motion was filed within 180 days after the Court denied the motion for reconsideration

4  and 3 days after Plaintiff received notice that final judgment had been entered, and Defendant

5  would suffer no prejudice as a result of reopening the time to appeal.  See Fed.R.App.P.

6  4(a)(6)(A)-(C); see also Nunley, 52 F.3d at 797-98 (district court's discretion to deny Rule

7  4(a)(6) motion is limited).

8    Accordingly, the Court **GRANTS** Plaintiff's Motion pursuant to Fed.R.App.P. 4(a)(5)

9  and 4(a)(6).  The Clerk is **DIRECTED** to file the Notice of Appeal submitted by Plaintiff (Doc.

10  No. 27) nunc pro tunc to July 27, 2007, and to treat it as a timely Notice of Appeal.

11

12  DATED:  _____September 14, 2007_____    _____

13                                          **ROGER L. HUNT, Chief Judge**
                                          United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2470